UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN CHRISTOPHER COFFER,<br><br>    Plaintiff,<br><br>    v.<br><br>EUGENE CRAYTON, et al.,<br><br>    Defendants. | Case No. 25-cv-02670-EKL<br><br>**ORDER SCREENING COMPLAINT, DISMISSING CERTAIN CLAIMS, AND SERVING COMPLAINT** |

Plaintiff Jonathan Christopher Coffer filed the instant *pro se* civil rights lawsuit challenging medical care he received at Salinas Valley State Prison ("SVSP"). ECF No. 1. The complaint is now before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court DISMISSES the claims against Nurse Helen, Dr. Singh, and Dr. R. Lawson and ORDERS SERVICE of the complaint as to the remaining defendants.

I. **LEGAL STANDARDS**

   A. **Standard of Review**

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims, which are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. § 1915A(b)(1)-(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed

factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### B.     Section 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under Section 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act, or fails to perform an act that he is legally required to do, causing the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

## II.     PLAINTIFF'S ALLEGATIONS

Coffer's complaint[1] raises claims of deliberate indifference against Defendants Dr. Eugene Crayton, Dr. Romeo Mariano, Nurse Helen, Dr. Singh, and Dr. R. Lawson. ECF No. 1 at 2. Coffer seeks monetary damages. *Id.* at 11.

Per the complaint, Coffer was transferred to SVSP on May 25, 2023, immediately after he

---

[1] The Complaint has several numbered claims; however, as the claims sometimes repeat allegations and overlap with each other, the Court will summarize the allegations without referring to the numbers used by Coffer.

2

1   spent several days at California Men's Colony in San Luis Obispo due to an ongoing mental
2   health crisis. ECF No. 1 at 6. Coffer alleges that on the date he was transferred to SVSP, he asked
3   Dr. Mariano, a psychiatrist at SVSP, to change his medication because he could not sleep for days
4   at a time. *Id.* at 3. Mariano did not do so. *Id.* On June 3, 2023, Coffer decided to take six to eight
5   Benadryl pills so he could fall asleep and suffered an overdose. *Id.* at 3-4.

6   Coffer also alleges that during the same period, SVSP's Chief Psychiatrist, Dr. Crayton,
7   failed to assign a psychiatric provider, leading to the expiration of some of Coffer's psychotropic
8   medications. ECF No. 1 at 5. When Coffer tried to get his medication changed, Nurse Helen was
9   reportedly rude to Coffer. *Id.* at 4. Coffer was subsequently transported to the hospital due to his
10  use of Benadryl, on June 3, 2023, and June 8, 2023. *Id.* at 4, 7. Coffer was unable to sleep and
11  became stressed; despite daily therapy sessions, Coffer cut his wrists on several occasions before
12  his medications were updated. *Id.* at 5-6.

13  Following Coffer's June 8, 2023 visit to Natividad Hospital, his prescription for Benadryl
14  was changed to a prescription for Vistaril. ECF No. 1 at 7. Dr. Singh and Dr. Lawson failed to
15  update Coffer's medication list at SVSP, and he did not receive the correct medication for more
16  than 30 days. ECF No. 1 at 7-10.

**III.   ANALYSIS**

18  To state a claim for deliberate indifference, a prisoner must show a "serious medical need,"
19  and that the prison official acted or failed to act in a way "sufficiently harmful to evidence
20  deliberate indifference." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see McGuckin v. Smith*, 974
21  F.2d 1050, 1059-60 (9th Cir. 1992). "A 'serious' medical need exists if the failure to treat a
22  prisoner's condition could result in further significant injury or the 'unnecessary and wanton
23  infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (citing *Estelle*, 429 U.S. at 104). Prison officials
24  are deliberately indifferent if they know a prisoner faces a substantial risk of serious harm and they
25  disregard that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S.
26  825, 837 (1994). Disagreements over medical treatment generally do not constitute a violation of
27  the Eighth Amendment. *See Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) ("A
28  difference of opinion between a prisoner-patient and prison medical authorities regarding

treatment does not give rise to a § 1983 claim.").

### A.     Claims Against Dr. Mariano, Dr. Crayton, and Nurse Helen

Coffer alleges that Dr. Mariano failed to change his medications upon Coffer's transfer to SVSP despite Coffer's complaints that he was not able to sleep. ECF No. 1 at 5. He also alleges that Dr. Crayton failed to immediately assign Coffer a provider, which caused Coffer's prescription for several psychotropic medications to expire. ECF No. 1 at 3-6. The failure to renew or change Coffer's medications and assign him a provider allegedly resulted in Coffer being unable to sleep for several days at a time, caused stress, led to his two hospitalizations, and led him to self-harm. ECF No. 1 at 5-6. Liberally construed, Coffer states cognizable Eighth Amendment deliberate indifference claims against Dr. Mariano and Dr. Crayton. *See Farmer*, 511 U.S. at 837.

Coffer also alleges that Nurse Helen was rude to him when he spoke to her about changing his medications. ECF No. 1 at 4. The Court dismissed an identical claim against Nurse Helen in another of Coffer's pending cases for failure to state a claim. *Coffer v. Reyes*, No. 24-cv-02051-EKL, ECF No. 106. Because Coffer does not add anything new here, the claim against Nurse Helen is dismissed as duplicative. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (pending or previously litigated claims are considered frivolous).

### B.     Claims Against Dr. Singh and Dr. Lawson

In addition, Coffer alleges that Dr. Singh and Dr. Lawson failed to update his medication from Benadryl to Vistaril following his June 8, 2023 hospital visit. ECF No. 1 at 7-10. The same underlying facts are currently at issue in another pending case, *Coffer v. Reyes*, Case No. 24-cv-02051-EKL. The claim against Dr. Lawson is DISMISSED with prejudice as duplicative, and the claim against Dr. Singh is DISMISSED without prejudice to Coffer pursuing his claim in Case No. 24-cv-02051-EKL. *See Cato*, 70 F.3d at 1105 n.2; Fed. R. Civ. P. 19(a).

### IV.    CONCLUSION

The Court orders as follows:

1. Coffer has stated cognizable Eighth Amendment claims against Dr. Mariano and Dr. Crayton as outlined above.

4

2. The claims against Nurse Helen and Dr. Lawson are DISMISSED WITH PREJUDICE as duplicative.

3. The claim against Dr. Singh is DISMISSED WITHOUT PREJUDICE to Coffer raising the claim in *Coffer v. Reyes*, Case No. 24-cv-02051-EKL.

4. Defendants Dr. Mariano and Dr. Crayton shall be served. Service shall proceed under CDCR's e-service pilot program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk of the Court is directed to serve on CDCR via email the following documents: the operative complaint (ECF No. 1), this order, a CDCR Report of E-Service Waiver form, and a summons.

   No later than **45 days** after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court whether Defendants will be waiving service of process without the need for service by the United States Marshal Service (USMS) or whether any Defendant declined to waive service. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office, which, within **21 days of service**, shall file with the Court a waiver of service of process for the Defendants waiving service.

   Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each Defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form. The Clerk shall provide to the USMS the completed USM-285 form and copies of this order, summons, and operative complaint for service upon each Defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

   Additionally, the Clerk shall mail a copy of this order to Coffer.

5. In order to expedite the resolution of this case, the Court orders the following briefing schedule:

a. No later than **90 days** from the date of service, Defendants will file a motion for summary judgment or other dispositive motion. The motion will be supported by adequate factual documentation, shall conform in all respects to Federal Rule of Civil Procedure 56, and will include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they will so inform the Court prior to the date the dispositive motion is due. All papers filed with the Court will be promptly served on Coffer.

b. At the time the dispositive motion is served, Defendants will also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-54 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-41 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for non-exhaustion is filed, not earlier); *Rand*, 154 F.3d at 960 (separate paper requirement).

c. Coffer's opposition to the dispositive motion, if any, will be filed with the Court and served upon Defendants no later than **28 days** from the date the motion was served upon him. Coffer must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand*, 154 F.3d at 953-54, and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988). If Defendants file a dispositive motion claiming that Coffer failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), he should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which must be provided to him as required by *Wyatt*, 315 F.3d at 1120 n.4.

d. If Defendants wish to file a reply brief, they shall do so no later than **14 days** after the opposition is served upon them.

e. The motion shall be deemed submitted as of the date the reply brief is due.

Absent a further order of the Court, no hearing will be held on the motion.

6. All communications by Coffer with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

8. It is Coffer's responsibility to prosecute this case. Coffer must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: January 5, 2026

Eumi K. Lee
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.